

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERARDO ABRIS-SAGRERO, a.k.a.
GERARDO AMBRIZ,

 Petitioner,

 v.

JEFFERSON B. SESSIONS III, United
States Attorney General,

 Respondent.

No.  12-73854

Agency No. A076-703-423

MEMORANDUM[*]

On Petition for Review of An Order of the
Board of Immigration Appeals

Submitted February 23, 2017[**]
San Francisco, California

Before: CANBY, SILER,[***] and HURWITZ, Circuit Judges.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Gerardo Abris-Sagrero, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's denial of his motion to reopen his removal proceedings. We have jurisdiction under 8 U.S.C.§ 1252, and we deny the petition.

Abris-Sagrero's motion to reopen was untimely by approximately thirteen years. The BIA properly exercised its discretion when it determined that Abris-Sagrero failed to demonstrate changed country conditions in Mexico permitting late reopening, and that he also failed to establish a prima face case for asylum, withholding of removal, or protection under the Convention Against Torture. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). Abris-Sagrero recounted an incident in which his sister was kidnapped and forced to withdraw money from a bank account, but did not provide evidence demonstrating why she was targeted, or showing that he would be targeted in the future. Abris-Sagrero argued that because he has lived in the United States for over sixteen years and has three children and a wife that were born there, he is an "Americanized Mexican" who could be subject to torture or kidnapping by drug traffickers or corrupt government officials. We have rejected similar, generalized claims of future persecution as a returnee from the United States, reasoning that these claims would entitle to asylum every citizen of a country unfriendly to the United States. *Id.* at 991.

Neither of these claims supports a finding of changed country conditions in Mexico, or establishes a prima facie case for asylum, withholding of relief, or relief under the Convention Against Torture.

The BIA did not abuse its discretion in ruling that the record of removal proceedings was complete despite the lack of a separate oral decision of the immigration judge. *See* 8 C.F.R. § 1240.12(b). Abris-Sagrero had admitted all the factual allegations establishing removability, had conceded removability, and had stated that he sought no relief from removability. We need not address Abris-Sagrero's new contention that he applied for voluntary departure, and that the immigration judge failed to reflect that request, because that claim was not raised before the BIA and is therefore unexhausted. *See* 8 U.S.C. § 1252(d)(1).

Finally, the BIA did not abuse its discretion when it determined that any collateral challenge to Abris-Sagrero's conviction was irrelevant to his motion to reopen. The Notice to Appear contained only one charge of inadmissability under 8 U.S.C.§ 1182(a)(6)(A)(i), as an alien present in the United States without first being admitted or paroled. Because his conviction was never charged as a ground of removability, the BIA properly concluded that a collateral challenge to the conviction could not serve as a basis for reopening.

**PETITION FOR REVIEW DENIED.**